ON MOTION

ORDER

LOURIE, Circuit Judge.
The Secretary of Veterans Affairs moves to waive the requirements of Fed. Cir. R. 27(f) and to dismiss Earline Wilson’s appeal for lack of jurisdiction. Wilson opposes.
On September 29, 2000, the Board of Veterans’ Appeals determined that Wilson had not met the requirements for recognition as the veteran’s surviving spouse for purposes of an award of benefits. Wilson appealed the Board’s decision to the United States Court of Appeals for Veterans Claims. The Secretary moved for summary affirmance. Upon review of the record in which Wilson acknowledged that she was divorced from the veteran, and the evidence showed that the veteran was married to someone else at the time of his death, the Court of Appeals for Veterans Claims determined that the Board’s factual findings “were not clearly erroneous” and *478 affirmed the Board’s decision. Wilson appealed.
Under 38 U.S.C. § 7292, this court has limited jurisdiction over appeals from decisions of the Court of Appeals of Veterans Claims. See Forshey v. Principi, 284 F.3d 1335, 1338 (Fed.Cir.2002) (en banc). Wilson’s appeal does not satisfy any of the grounds for invoking this court’s jurisdiction. The decision from which Wilson appeals does not address or otherwise depend on any issue of validity or interpretation of any statute or regulation, nor did Wilson raise any argument concerning the validity or interpretation of any such provision. The Court of Appeals for Veterans Claims decision was limited “to review [of] the Board’s application of the law to the facts in this case.” This court “may not review: (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case.” 38 U.S.C. § 7292(d)(2).
In her informal brief, Wilson checked “no” when asked if the Court of Appeals for Veterans Claims decision involved the validity or interpretation of a statute or regulation, or decided any constitutional issues. Instead she states only that: “The Federal Government of the Social Security office are recognizing me as [the veteran’s] widow and I receive benefits” and thus this court should “grant and release all of [the veteran’s] benefit that is due to me as his widow.” Wilson’s appeal only challenges the application of law to the facts and is therefore not within this court’s jurisdiction.
Accordingly,
IT IS ORDERED THAT:
(1) The Secretary’s motion to waive the requirements of Fed. Cir. R. 27(f) is granted.
(2) The Secretary’s motion to dismiss is granted.
(3) Each side shall bear its own costs.